Curia, per Evans, J.
In general, the contract of one non compos mentis is not binding, for the want of sufficient understanding to assent; but it seems now to be well settled that, like an infant, when he has no committee to determine for him, he may, of necessity, bind himself for food, clothing, and other necessaries suitable to his fortune and rank in ciety. If it were otherwise, the protection which the law extends to him, would be an injury rather than a benefit. This capacity to bind himself, must, however, be restricted, by the reasons which authorize it, to his personal wants — to food, clothing, and such other things as are necessary for the comfortable subsistence of himself and family. The report of the Circuit Court says, “ the horse was needed for the plantation.” Now this plantation, I understand, was one devised by the father of the defendant, to a trustee for his use. He had no legal interest in the estate. He was only entitled to the profits. The horse was necessary, or so the witnesses thought, to carry on the operations of the plantation more profitably; but that, it seems to me, does not authorize the defendant, if he be a meré idiot, to make a contract personally binding on himself. I can readily conceive of cases where horses may come under the description of necessaries, as where purchased by .an infant who was a *134 cavalry officer in the army, because they are necessary and proper to one of his rank and condition. So, also, if pur-cbased an¿ use(l by an infant for the benefit of his health, acting under medical advice. But in the case of Durham v. Rainwater, it was decided by this Court, that an infant could not bind himself for a horse, as necessaries, to be used an(^ employed to carry on a farm.
I do not think the circumstance that there was no tiustee at the time can vary the case. An infant, without a guardian, tinder like circumstances, would not have the power to bind himself. It may be that, in another court, the estate for which this horse was purchased, may be charged with the price; but in this court, we can only look to the personal liability of the defendant. The motion for a new trial must, therefore, be granted.
Wardlaw, Frost and Withers, JJ. concurred.

Motion Granted.